OPINION OF THE COURT
Alexander W. Kramer, J.
These are 16 summary dispossess proceedings brought by petitioner against various and sundry respondents. The causes are all predicated upon the alleged holdover status of each of the respondents.
Issue was joined via service of answers in writing. By stipulation entered into on December 9, 1977, in open court, it was agreed that the principal issue was the applicability of section 235-c of the Real Property Law; that — if the court found said section applicable the issue of unconscionability (among others) would proceed to trial; and — finally—that if the court found said section inapplicable, judgment could then be granted as prayed for in the petitions.
*1008 Section 235-c of the Real Property Law provides as follows:
"235-c. Unconscionable lease or clause.
"1. If the court as a matter of law finds a lease or any clause of the lease to have been unconscionable at the time it was made the court may refuse to enforce the lease, or it may enforce the remainder of the lease without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.
"2. When it is claimed or appears to the court that a lease or any clause thereof may be unconscionable the parties shall be afforded a reasonable opportunity to present evidence as to its setting, purpose and effect to aid the court in making the determination.”
The respondents are the owners of mobile homes: they rent ground, upon which said mobile homes rest, from the petitioner. The original lettings were from month to month: there was no agreement in writing.
In 1974 the respondents were offered leases for terms of at least one year in writing. They demurred. The oral month-to-month lettings continued.
The attorney for the respondents points to the Governor’s approval message set forth at page 2447 of McKinney’s Session Laws of New York for 1976. The court has read said message carefully. The four cases cited therein all involved leases in writing for varying periods of time. The objections taken related to sundry provisions thereof which the courts considered as to conscionability in each. Indeed in Seabrook v Commuter Housing Co. (72 Misc 2d 6) the lease consisted of 54 paragraphs in fine print containing approximately 10,000 words — a fact which in and of itself would cause the skin of the average person to crinkle.
The respondents herein center their attack of unconscionability upon their respective positions as contrasted to that of the petitioner. They depict themselves as people on the lower rungs of the economic ladder of life, circumscribed by capital investments in their mobile homes and a limited and restricted source of income. They contend that, for the petitioner to advance their rents any further, lends the flavor of unconscionability — particularly since mobile home sites are at a premium — and—they go on to plead the unfeasability of their removing said mobile homes upon the expanse of their shoulders.
*1009 Section 235-c of the Real Property Law was enacted in 1976. It was an addendum to section 235 of the same law.
Section 235 had been enacted in 1965. It defined as a violation certain willful acts delineated therein, see, e.g., the failure to furnish water, heat, light, etc., punishable by fine or imprisonment. It applied specifically to "Any lessor, agent, manager * * * of any building, or part thereof, the lease or rental agreement whereof by its terms, expressed or implied requires”, etc. (Emphasis supplied.)
Section 235-c is an extension of that sort of paternalistic thinking designed to protect tenants. It too related to "a lease or any clause of the lease.”
There is no lease in writing between the parties.
Did the month-to-month letting create a lease — although not in writing, albeit oral?
This court is constrained to think not. The arrangement which originally prevailed, was not by any instrument in writing. The respondents were afforded the opportunity to enter into written leases of one year or more: they declined.
To refer to the month-to-month arrangements as oral leases is improper. The relationship of landlord and tenant has existed for more than one year.
Subdivision 2 of section 5-703 of the General Obligations Law provides that a "contract for the leasing for a longer period than one year * * * of any real property, or an interest therein, is void unless the contract or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the party to be charged, or by his lawful agent thereunto authorized by writing.”
Absent compliance with the foregoing, no valid oral leases can be conjured up.
EPTL 6-1.1 classifies estates in property. An estate from period to period is a separate and distinct class of estate recognized in the law. (EPTL 6-1.1, subd [6].) This category includes a tenancy from month to month. (Glasser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 17B, EPTL 6-1.1, p 6.) A month-to-month tenancy is not a class of oral lease: rather — it is a unique estate in property.
The Real Property Law treats month-to-month tenancies as a landlord-tenant relationship distinct from a relationship pursuant to lease. For example:
(1) Section 232-a of the Real Property Law prescribes the
*1010 method of terminating a monthly tenancy or tenancy from, month to month in the City of New York.
(2) Section 232-b of the Real Property Law prescribes a similar procedure with respect to a monthly tenancy or a tenancy from month to month outside the City of New York.
(3) Section 232-c of the Real Property Law provides that when a tenant whose term is longer than one month holds over, acceptance of rent by the landlord shall create a tenancy from month to month.
A landlord and tenant may enter into a lease for a single month. However, that is something else again from a month-to-month tenancy: different statutory provisions apply. (Arthur Equities vHorlly, 57 NYS2d 17.)
Finally, section 235-c of the Real Property Law relates to "a lease or any clause of the lease”; the criterion set forth is the unconscionability when the lease was made.
If, in arguendo, we were to assume that a certain rent was agreed upon when the so-called leases came into being, the conscionability or unconscionability of a request for an increase therein is not something that was unconscionable when the leases were made.
For the foregoing reasons the court is constrained to hold that section 235-c of the Real Property Law does not apply.
Therefore, judgment is directed in favor of the petitioner and against each of the respondents herein:
(1) Awarding possession to the petitioner.
(2) For the difference paid to petitioner by each respondent between $130 and $140 for the month of December, 1977; and between $130 and $145 for each month thereafter to and including that month in which judgment may be entered.
The warrant to be issued pursuant to the foregoing shall be stayed for 15 days following the making and entry of judgment as aforesaid.